IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| A. STEPHEN WALLACE, as Executor of the estate of Jack Bell,<br><br>       Plaintiff,<br><br>v.<br><br>SUSAN BELL CURWEN,<br><br>       Defendant. | CIVIL ACTION FILE NO.<br><br>_____ |

## NOTICE OF REMOVAL

Please take notice that Defendant Susan Bell Curwen ("Curwen") hereby removes this case from the Superior Court of Richmond County, Georgia, to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1441 and § 1446, and it respectfully shows the following to the Court as grounds for removal:

**I.    BACKGROUND AND PROCEDURAL HISTORY.**

1.    Plaintiff A. Stephen Wallace, as Executor of the estate of Jack Bell, filed a civil action lawsuit on August 20, 2014, in the Superior Court of Richmond County, Georgia, known as *A. Stephen Wallace, as Executor of the estate of Jack Bell, v. Susan Bell Curwen*, Civil Action File No. 2014-RCCV-00422.  A copy of the initial complaint is attached hereto as Exhibit "A".

2.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    The case as stated by the initial pleading shown in Exhibit "A" was not removable.

00803459-1

4.     This Notice of Removal is filed in a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b) because it is filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

5.     Plaintiff filed this lawsuit in his capacity as the executor of the estate of Dr. Jack Bell against Dr. Bell's daughter, Susan Bell Curwen (hereinafter "Curwen").

6.     Dr. Jack Bell died on December 18, 2010.  (Compl. Cnt. 1, ¶¶ 1–3).

7.     Nine years prior to his death, Dr. Bell changed the beneficiary of an Individual Retirement Account ("IRA") he kept with Solomon Smith Barney to the Curwen on October 11, 2001.  (Compl. Cnt. 5, ¶ 1).

8.     The Complaint alleges that Dr. Bell's wife, Edna B. Bell, did not sign the form changing the beneficiary of the IRA to the Curwen.  (Compl. Cnt. 5, ¶ 3).

9.     In Count Five of the Plaintiff's Complaint, Plaintiff alleges that in order to change the beneficiary on Dr. Bell's IRA required the consent of Dr. Bell's wife and the change of beneficiary form executed by Dr. Bell without her signature was, thus, ineffective. (Compl. Cnt. 5, ¶ 3–4).

10.    Count Five of the Complaint as filed with the Court did not assert that the claim arose under or related to the Employee Retirement Income Security Act of 1974 (ERISA), and the claim thus facially arose under state law since courts have held that "IRAs are simply not the type of accounts that fall under the ERISA legislation."  *See In re Laxson*, 102 B.R. 85, 89 (Bankr. N.D. Tex. 1989).

11.    However, during the hearing on Defendant's Motion to Dismiss, Plaintiff's counsel asserted that "these accounts were basically governed by federal law and they required

00803459-1

the spousal consent." (*See* Transcript attached hereto as Exhibit "B" at 5). He explained further that "We believe, according to the opinions that were given by Larry Broyles, a tax lawyer, that this account is governed by ERISA." (*See* Transcript attached hereto as Exhibit "B" at 7).

12. The transcript of the hearing was received by counsel for Defendant on November 20, 2011. Presumably relying upon the representations of counsel that Plaintiff alleges the IRA is governed by ERISA and that federal law supports his claim, the Superior Court denied Defendant's motion to dismiss County Five of the Complaint. Its Order was signed on November 25, 2014 and served upon Defendant's counsel on December 11, 2014. *See* Order attached hereto as Exhibit "C".

## II.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. The order served on Defendant's counsel on December 11, 2014, which accepts the oral allegation of Plaintiff's counsel constitutes an order or other paper from which it may first be ascertained that the case is one which is or has become removable because it asserts a claim arising under federal ERISA law. 28 U.S.C. § 1446(b). Alternatively the transcript of the hearing received on November 20, 2014, constitutes other paper from which it may first be ascertained that the case is one which is or has become removable because it asserts a claim arising under federal ERISA law. 28 U.S.C. § 1446(b).

14. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that it is filed within thirty days after the receipt by the defendant, through service, of a copy of the Order on December 11, 2014 or the transcript on November 20, 2014.

15. Venue is proper pursuant to 28 U.S.C. § 90(c) in that the Southern District of Georgia encompasses Richmond County, Georgia, where this lawsuit was originally filed.

00803459-1

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon defendant are filed herewith as Exhibit "D", which includes the following:

| | | |
|---|---|---|
| a) | 8/20/2014 | GENERAL CIVIL INITIATION FORM |
| b) | 8/20/2014 | SUMMONS AND COMPLAINT |
| c) | 8/29/2014 | AFFIDAVIT OF SERVICE - PERSONAL |
| d) | 8/29/2014 | PROCESS SERVER ENTRY OF SERVICE |
| e) | 9/23/2014 | ANSWER |
| f) | 9/23/2014 | DEFENDANT SUSAN BELL CURWEN'S MOTION TO DISMISS AND/OR MOTION FOR A MORE DEFINITE STATEMENT |
| g) | 9/23/2014 | FEDENFANT'S MOTION TO DISMISS COUNT FIVE OF THE COMPLAINT |
| h) | 9/23/2014 | MEMORANDUM IN SUPPORT DEFENDANT SUSAN BELL CURWEN'S MOTION TO DISMISS AND/OR MOTION FOR A MORE DEFINITE STATEMENT |
| i) | 9/23/2014 | MEMORANDUM IN SUPPORT OF DEFENDANT SUSAN BELL CURWEN'S MOTION TO DISMISS |
| j) | 10/6/2014 | CERTIFICATE PURSUANT TO UNIFORM STATE COURT RULE 5.2 DEFENDANT'S OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO OCGA & 9-11-12(J) |
| k) | 10/6/2014 | SUSAN BELL CURWEN'S OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO OCGA & 9-11-12(J) |
| l) | 10/7/2014 | DEFENDANT'S NOTICE OF HEARING |
| m) | 11/18/2014 | BRIEF IN OPPOSITION TO MOTION TO DISMISS |
| n) | 12/11/2014 | ORDER DENYING MOTION TO DISMISS AND ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT |

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of Superior Court for the County of Richmond, in the State of Georgia.

18. Counsel for the Defendant hereby certifies that this Notice of Removal is signed pursuant to Federal Rule of Civil Procedure Rule 11, and that Defendant Curwen consents to this removal as the only Defendant in this lawsuit.

00803459-1

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

19.   Plaintiff asserted to the Superior Court his allegation that the IRA account at issue is governed by federal ERISA law and the Superior Court relied on the Plaintiffs' claimed allegation in finding that the Defendant's Motion to Dismiss should not be granted. *See* Exhibit "B" at 5, 7 and Exhibit "C").

20.   Original subject matter jurisdiction over the Plaintiff's claim as explained to the Superior Court exists in this Court under the provisions of 28 U.S.C. § 1331 in that Plaintiff's alleges that his claim arises under the laws of the United States, namely ERISA. *See e.g., Russell v. Chase Inv. Servs. Corp.*, 2010 U.S. Dist. LEXIS 6872 (N.D. Okla. Jan. 28, 2010) (exercising jurisdiction over similar removed claim).

21.   Accordingly, this claim may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22.   Plaintiff's Complaint also appears to contain state law claims under provisions of Georgia law. These state law claims are so related to Plaintiff's claims arising under the federal laws that they form part of the same case or controversy under Article III of the United States Constitution. Supplemental jurisdiction over these state law claims thus exists in this Court under the provisions of 28 U.S.C. § 1367(a). Accordingly, these claims may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1367, 1441(a) and (b) and 1446.

WHEREFORE, the Defendant prays the above-referenced action, now pending in the Superior Court of Richmond County, Georgia be removed to United States District Court for the Southern District of Georgia, Augusta Division.

This 18th day of December, 2014.

00803459-1

By:    s/ *Christopher A. Cosper*
          Christopher A. Cosper
          Georgia Bar No. 142020

          Patrick J. Rice
          Georgia Bar No. 603000

Of Counsel:
Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all counsel of record by delivering a copy of same through the U.S. Mail as follows:

John B. Long
Tucker Long, P.C.
P.O. Box 2426
Augusta, GA 30903
(706) 722-0771

This 18th day of December, 2014.

By:    s/ *Christopher A. Cosper*
           Christopher A. Cosper
           Georgia Bar No. 142020

           Patrick J. Rice
           Georgia Bar No. 603000

Of Counsel:
Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481