IN THE SUPERIOR COURT OF RICHMOND COUNTY

STATE OF GEORGIA

A. STEPHENSON WALLACE, as )
Executor of the Estate of Jack Bell, )
                              )      CIVIL ACTION FILE
        PLAINTIFF, )
                              )      NO. _2014 RCCV_
VS. )                 422
                              )
SUSAN BELL CURWEN, )
                              )      **JAMES G. BLANCHARD, JR.**
        DEFENDANT )

## COMPLAINT

     NOW COMES the Plaintiff, A. Stephenson Wallace, as Executor of the Estate of Jack Bell,

and in support thereof shows:

     1.     That Defendant was the former Executrix of the Estate of Jack Bell and was

removed by order of The Honorable Harry B. James, Judge of the Probate Court of Richmond

County, Georgia, by order entered on February 19, 2013.

     2.     That A. Stephenson Wallace has been appointed Successor Executor of the Estate

of Jack Bell and is now serving as Executor.

     3.     That Defendant Susan Bell Curwen can be served at 300 Hill Street Drive, Augusta,

Georgia and is subject to the jurisdiction of this Court.

     4.     That Defendant breached her fiduciary duties as Executrix of the Estate and in

acting as attorney-in-fact for her parents and removed certain assets and converted said assets to

her own use and benefit as set forth herein.

**Count One – Claim for Value of Utilities, Cable and Rent**

**On the Real Property of Jack Bell Known as Lot 53, Block C, Hillcreek Subdivision,**

**Augusta, Richmond County, Georgia.**

1.      That on December 18, 2010, the late Jack Bell departed this life.

2.      That, prior to the death of Jack Bell and prior to the death of his wife, Sandra Bell, the Defendant was allowed to live in the home with her father since she had no other place to live.

3.      That Defendant qualified as Executrix of her father's Will after he died on December 18, 2010.

4.      That, after being appointed Executrix of the Estate, the Defendant continued to live at the home located at 3002 Hillcreek Drive, continued to use property of her father and the estate to pay the utilities, cable, telephone, yard service and other expenses of maintaining the home, and continued to reside there for the balance of 2010, all of 2011 and 2012, all without taking any action to try to sell or list the property or to otherwise preserve the property and dispose of the property at the highest and best use.

5.      That Defendant breached her fiduciary duty and did no pay her own utilities and her own expenses of living, but used estate money to maintain herself and her daughter.

6.      That Defendant did not pay the estate any rent, which is estimated to be at least $1,200.00 per month.

7.      That throughout this period of time, Defendant breached her fiduciary duties to the estate, wrongfully converted assets of the estate to her own personal use and benefit and has refused to repay the estate for the value of said living expenses, the value of the Georgia Power bills, the value of the AT&T bills, the value of the Augusta utility bills, the value of the Comcast bills, the value of the Georgia Natural Gas bills, and the costs of maintaining the yard.

8.      That the action of the Defendant were in direct violation of her duties to the estate and were a breach of her fiduciary duties.

## Count Two

1.      That Defendant was acting in a fiduciary capacity with her father, the late Jack Bell.

2.      That prior to his death, the late Jack Bell was not able to make rational decisions.

3.      That the Defendant, on December 12, 2010, some six (6) days prior to her father's death, caused a certificate of deposit ending in 5952, valued at $100,000.00 at Augusta First Bank, to be transferred from her father's account to her own account ending in numbers 0249.

4.      That on the date that her father died, December 18, 2010, the defendant caused another certificate of deposition at Augusta Federal First Bank ending in 2622 to be transferred into her own personal account.

5.      That there was a third certificate of deposition valued at $128,601.00 that was in her father's name that the Defendant caused to be transferred into her own name.

6.      That, based upon information and belief, Defendant breached her fiduciary duty, took advantage of her father's age and medical condition and caused certain accounts at Augusta First Bank to be transferred from her father's name to her own name.

7.      That the Defendant never had any substantial employment during her life and used her opportunity to live in the home with her parents to cause assets to be transferred out of her parent's name, including the Augusta First certificates of deposit, to her name.

8.      That the Defendant breached her fiduciary duties to her parents and wrongfully converted certain assets to her name.

9.      That there were no gift tax forms and no indication of any gifts from her father to the Defendant.

10.    That these actions were taken by the Defendant in order to take advantage of her parents and to hurt the other heirs of her late father's estate, that being her sister, Edna Jean Bell Etheridge of Martinez, Georgia, Nancy Birch and Paul Edmonds, the son of her late sister.

## Count Three

1.    That the Defendant, during the period of time that she was living with her elderly parents, caused certain certificates of deposit and certain other assets to be transferred into her name.

2.    That the Defendant has converted money from her mother's estate and from various trusts to her own personal benefit and use.

3.    That the Defendant has further taken advantage of her parents by converting other assets to her own use and benefit.

## Count Four

1.    That during the period of time that the Defendant was living with her parents, she opened up certain Morgan Stanley Smith Barney accounts in her own name.

2.    That Defendant caused certain monies to be transferred from her parents' possession to those accounts.

3.    That the transfers to those accounts were done intentionally in order to defraud her parents and their estates after their deaths.

4.    That the transfers were illegal, were not the result of any valid gifts, but were taken with an intent to wrongfully convert and to otherwise take money from her parents to which she was not entitled.

5.    That the Plaintiff is entitled to require that the Defendant account for all monies that she has wrongfully taken and converted from her parents.

4

**Count Five**

1.      That on or about October 11, 2001, the late Jack Bell purportedly signed a certain IRA beneficiary designation changing the beneficiary of his Solomon Smith Barney IRA account 4176415414104 to the Defendant.

2.      That at the time the account was changed, the late Jack Bell was still married and his wife was still alive.

3.      That without the consent of his wife, Edna E. Bell, any change of beneficiary would be ineffective.

4.      That this change of beneficiary was done intentionally by the Defendant with the intent to remove certain assets from her father's estate.

5.      That based upon information and belief, the Defendant has taken from her late father's estate certain monies that were in retirement accounts and are believed to be in excess of $500,000.00.

**Count Six**

1.      That at the time of the death of Edna Bell and the death of Jack Bell, there were certain items of jewelry and personal property, including his Rolex watch, jewelry that belonged to Edna Bell and other property of the estate.

2.      That the Defendant has converted said furniture, jewelry, furnishings and household goods to her own personal benefit.

3.      That the Defendant has, in addition, paid Johnson Motor Company for an automobile that she has had titled in her name and which she has used.

4.      That the Defendant should be required to turn over all such assets to the Successor Executor.

5

5.    That Plaintiff is entitled to an accounting from the Defendant for all assets that she has wrongfully converted and taken.

WHEREFORE, Plaintiff prays:

(a)    That process issue requiring the Defendant to be and appear in this Court to answer the allegations contained in the Plaintiff's Complaint;

(b)    That the Plaintiff recover damages against the Defendant for all of the personal expenses that the Defendant utilized of the Estate of the late Jack Bell in paying her utilities, upkeep, and other expenses on the home of the late Jack Bell.

(c)    That the Plaintiff is entitled to recover possession of the home of the late Jack Bell in order to sell said home;

(d)    That the Plaintiff is entitled to recover from the Defendant the value of the certificates of deposit at Augusta First Bank which are believed to be in excess of $360,000.00 that the Defendant wrongfully converted to her own use, with certain conversions taking place on the day of her late father's death;

(e)    That Plaintiff is entitled to a judgment against the Defendant for all monies that the Defendant has taken from the estate of the late Edna Bell, including monies that were in the accounts of USAA that have been wrongfully converted;

(f)    That Plaintiff is entitled to a judgment against the Defendant for the value of all personal property that the Defendant has taken, including jewelry, Rolex watches and other property;

(g)    That Plaintiff is entitled to a judgment for the amount of the Morgan Stanley IRA account that the Defendant wrongfully converted and took for her own use.

6

(h)     That the actions of the Defendant have been in bad faith and have caused the Plaintiff unnecessary trouble and expense.

(i)      That Plaintiff is entitled to an accounting from the Defendant as to all assets taken from the Estate of the late Jack Bell or the Estate of the late Edna Bell which were not properly account for and were not authorized by law.

(j)      That the Court grant such other and further relief as is just and equitable.

This ___ day of _____, 2014.

_____
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200
Attorney for Plaintiff

TUCKER LONG, P.C.
P. O. BOX 2426
453 GREENE STREET
AUGUSTA, GA  30903
(706) 722-0771
(706) 722-7028 Fax

7