```
IN THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF GEORGIA
              AUGUSTA DIVISION
```

| | | |
|---|---|---|
| A. STEPHENSON WALLACE, <br> As Executor of the Estate of <br> Jack Bell, <br><br> Plaintiff, <br><br> v. <br><br> SUSAN BELL CURWEN <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br> CV 114-236 |

## O R D E R

Presently before the Court is Plaintiff's ("the Estate") Motion to Remand. (Doc. 8.) Defendant Susan Bell Curwen ("Curwen") removed this matter from the Superior Court of Richmond County, Georgia after the Honorable James G. Blanchard, Sr. heard argument at the motion to dismiss stage on whether the Employee Retirement Income Security Act of 1974 ("ERISA") governs the individual retirement account ("IRA") at issue in Count V of the Estate's Complaint (Doc. 1, Ex. A ("Compl.")). No diversity exists between the Estate and Curwen. Accordingly, it is Curwen's burden as the removing party to establish that this case arises under federal law. She has failed to do so. For this reason, the Court **GRANTS** the Estate's Motion to Remand. (Doc. 8.)

## I. BACKGROUND

This case arises from Curwen's alleged abuse of (1) her father's assets while acting under a power of attorney and (2) his estate during her tenure as Executrix. (Compl. at 1, ¶ 4.) The Probate Court of Richmond County, Georgia removed Curwen as Executrix by order entered on February 19, 2013. (Id. ¶ 1.) Thereafter, Mr. Wallace, the Successor Executor of the Estate, filed suit against Curwen in the Superior Court of Richmond County on August 20, 2014. (Id. ¶ 2.) The Estate alleged generally that Curwen "breached her fiduciary duties . . . and removed certain assets and converted said assets to her own use and benefit." (Id. ¶ 4.) Each of the six counts identified the specific property, goods, services, or bank accounts at issue. Of relevance to this motion is Count V. In Count V, the Estate alleges that the late Dr. Bell "purportedly signed a certain IRA beneficiary designation changing the beneficiary of his Solomon Smith Barney IRA account" to Curwen. (Id. at 5, ¶ 1.) Count V further averred that this was done "without the consent of his wife, Edna E. Bell," and without such consent, "any change of beneficiary would be ineffective." (Id. ¶ 3.) Finally, the Estate alleged that "this change of beneficiary was done intentionally by [Curwen] with the intent to remove certain assets from her father's estate" to the tune of $500,000.00 or more. (Id. ¶¶ 3, 4.)

On September 23, 2014, Curwen filed a motion to dismiss Count V in the Superior Court, as well as a motion for a more

2

definite statement with respect to the Estate's claims of fraud, duress, etc. (Notice of Removal, Doc. 1, ¶ 16; see also Doc. 1, Ex. 2 ("Hearing Tr."), at 2.) One month later, the Superior Court held a hearing on those motions. (Hearing Tr. at 1.) Curwen's counsel opened the hearing with a request that the Court make "a ruling as a matter of law on Count Five," explaining that he was "not aware of any Georgia law that says a spouse has to sign" for the beneficiary designation to be effective and that ERISA, which does have such a requirement, "does not apply [to the Smith Barney IRA] on the facts alleged in the complaint." (Id. at 2, 4.) Thus, according to Curwen's counsel, Count V failed to state a claim upon which relief could be granted. (Id. at 4.)

The Estate's counsel responded that early in the case, a tax lawyer provided an opinion that "these particular accounts . . . were basically governed by federal law and they required spousal consent." (Id. at 5.) He continued, "I believe there's a question of fact as to whether or not this particular file with Smith Barney [], exactly how it was created and exactly what was signed and how it was signed. There may be a question of whether or not Dr. Bell even signed it." (Id.) In arguing that it would be error to dismiss the claim at that stage without the benefit of discovery, the Estate's counsel concluded:

> I have not been able to get with Smith Barney, [the Executor] has not been able to get with Smith Barney, to see exactly what sort of account this was, whether it's a SEP IRA, what sort of account. We believe,

3

> according to the opinions that were given by Larry
> Broyles, a tax lawyer, that this account is governed
> by ERISA. But you won't know that, Your Honor, until
> we get the documents as to how the account was created
> and whether or not the arguments of the defendant have
> any merit. But only until we get those documents can
> we find out whether or not it was. It was, obviously,
> an account on which no taxes were paid when money was
> put in and the case law, according to Larry Broyles,
> is that you have to have spousal consent and we know
> the spouse did not consent, based on the limited
> information we have.

(Id. at 7.)

On November 20, 2014, Curwen's counsel received the transcript of the hearing. (Def.'s Resp., Doc. 11, at 2.) The Superior Court denied Curwen's motion to dismiss and motion for a more definite statement on November 25, 2014. (Doc. 1, Ex. C.) Curwen then removed the case to this Court on December 18, 2014, contending this Court has (1) original subject matter jurisdiction over Count V pursuant to 28 U.S.C. § 1331 as it "arises under the laws of the United States, namely ERISA" and (2) supplemental jurisdiction under the provisions of 28 U.S.C. § 1367(a) over the remaining state law claims because "they form part of the same case or controversy." (Notice of Removal ¶ 22.) Although the Estate filed its complaint in Superior Court in August, Ms. Curwen further contends that her Notice of Removal is timely because she filed it within 30 days of receipt of an "order or other paper" — namely the hearing transcript and/or the Superior Court's order denying her motion to dismiss — from which she first ascertained that the case was removable. See 28 U.S.C. § 1446(b)(3).

The Estate moved to remand on December 24, 2014, asserting that neither the face of the complaint nor the purported "other papers" present a clear federal question supporting removal. (Pl.'s Br., Doc. 9, at 5.) It further contends that Curwen merely raises the application of ERISA to the IRA as a defense, and any defense presenting a federal question — even a valid one like ERISA preemption — cannot sustain removal jurisdiction. (Id. (citing Whitt v. Sherman Int'l Corp., 147 F.3d 1325 (11th Cir. 1998); see also Pl.'s Reply, Doc. 12, at 3-4.)

## II. DISCUSSION

On a motion for remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). It is well established that removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand."); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly."). A district court considering whether removal is proper "has before it only the limited universe of evidence available when the motion to remand is filed — i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1214 (11th

5

Cir. 2007). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214-15.

A defendant may only remove an action from state court if the federal court would have original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332. No diversity exists between the Estate and Curwen, so this Court must decide whether the Estate's case arises under federal law.

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. Taylor v. Anderson, 234 U.S. 74, 75-76 (1914); Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011); Ervast v. Flexible Products Co., 346 F.3d 1007, 1012 (11th Cir. 2003); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11 (1983)). In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question. Kemp, 109 F.3d at 712.

In this case, the six claims in the Estate's Complaint arise under Georgia common law, invoking in one way or another

6

breach of fiduciary duty, conversion, and/or fraud. Thus, on the face of the complaint, there are no claims created by federal law. That "absence of spousal consent" as pled in Count V *may* be relevant to a federal cause of action does not mean that federal law "creates the cause of action asserted" by the Estate, especially as here when it is commingled among other factual allegations of fraudulent intent and forgery.

Even where a claim finds its origins in state rather than federal law, however, the Supreme Court has identified a "special and small category" of cases in which "arising under jurisdiction" still lies. Gunn v. Minton, 133 S. Ct. 1059, 1064-65 (2013) (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). First, a state law claim may "arise under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). That is, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065.

7

The Court need not addresses all the requirements of the Gunn test because the federal issue that purportedly arises out of Count V of the Estate's Complaint is of little significance "to the federal system as a whole." Gunn, 133 S. Ct. at 1066. *If* ERISA governs Dr. Bell's IRA at all such that this Court could exercise jurisdiction, the only issue to be tried is whether the beneficiary designation documents conform to ERISA requirements, i.e. whether Solomon Smith Barney obtained an effective waiver from Dr. Bell's spouse of her interest in the subject account when Dr. Bell purportedly transferred it to Curwen in 2001. Notwithstanding that it appears to be undisputed that Ms. Bell did not sign the change of beneficiary form at issue, this Court presumably would be required to apply the three-part test under 29 U.S.C. § 1055(c)(2)(a).[1] The sole implication of an adverse finding under § 1055(c)(2)(a) is that Dr. Bell's "election" becomes void.

Federal jurisdiction is disfavored for cases that are "fact-bound and situation-specific," as is the case here. Empire, 547 U.S. at 701. There is no reason to believe that a holding on the existence or lack of spousal consent by Ms. Bell upon review of account-specific documents would materially

---

[1] 29 U.S.C. § 1055(c)(2)(a) provides that certain "elections" will not take effect unless "(i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public."

8

affect the currents of litigation in the field of ERISA. Indeed, "the present case is 'poles apart from Grable,' in which a state court's resolution of the federal question 'would be controlling in numerous other cases.'" See Gunn, 133 S. Ct. at 1067 (citing Empire, 547 U.S. at 700.)

A second narrow exception to the well-pleaded complaint rule is super or complete preemption, existing when Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state court are "necessarily federal in character" and removable based on federal question jurisdiction. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Kemp, 109 F.3d at 712. The Eleventh Circuit Court of Appeals set forth the four-part test for determining ERISA super preemption in Butero v. Royal Maccabees Life Insurance Co., 174 F.3d 1207, 1212 (11th Cir. 1999): a (1) relevant ERISA plan exists, under which a (2) plaintiff with standing is suing (3) an ERISA entity for (4) "compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."

Curwen has not proven that a "relevant ERISA plan exists" in this case, much less that the other necessary elements are met. The sole argument Curwen makes to prove that ERISA applies is that the Estate's counsel "asserted to the Superior Court his allegation that the IRA account at issue is governed by federal ERISA law and the Superior Court relied on the [Estate's]

9

claimed allegation in finding that the Defendant's Motion to Dismiss should not be granted." (Doc. 1, ¶ 19; see also id. ¶ 13 ("The order . . . accepts the oral allegation of [the Estate's] counsel."); Def.'s Br. at 2-3, 5-6.)

The statements of the Estate's counsel, in reality, prove very little when reviewed in context. The Estate presented to the Superior Court that (1) without the benefit of discovery, the Estate lacked sufficient information to determine how Dr. Bell's Solomon Smith Barney IRA came into existence, what documents were signed, and by whom, and (2) at some point in time in "trying to gather the effects of the estate," the Estate received an opinion from a tax lawyer that this account "required the spousal consent." (Hearing Tr. at 5.) Estate counsel's mere parroting of an out-of-court opinion, apparently grounded in the tax code, a tax ruling, and tax notices,[2] does not make the opinion true or controlling. What the Estate actually argued was that it was premature to dismiss Count V outright for failure to state a claim because there is at least one set of facts on which the Estate could be entitled to relief: either ERISA's spousal consent provisions, if

---

[2] According to the Estate, the tax attorney cited Internal Revenue Code § 417, "tax ruling[] TD8786," and "notice[s] 197-10 [and] 197-2." (Hearing Tr. at 5.) The tax attorney also relied on Hurwitz v. Cher, 982 F.2d 778 (2d Cir. 1992). In the Hurwitz case, the Second Circuit Court of Appeals affirmed the lower court's decision that a spouse's antenuptial agreement did not constitute an effective waiver of death benefits under an ERISA-qualified profit sharing plan in which the decedent was the sole participant. Id. at 779. With the limited facts available to the Court about Dr. Bell's retirement accounts, it offers no opinion on the relevance of Hurwitz to the ERISA coverage question at issue here.

applicable, *or* state law theories of fraud, as there is some suggestion that Curwen forged Dr. Bell's signature, *or* breach of fiduciary duty under the power of attorney. (See id. at 6-7.)

Moreover, Curwen wholly ignores that the Superior Court's order on her motion to dismiss was *one sentence long*: "The Defendant's *Motion to Dismiss* and *Motion for a More Definite Statement* having been considered by the Court, this Court finds that such motions are not favored in the early stage of litigation and that both motions are hereby DENIED." (Doc. 1, Ex. C.) Contrary to Curwen's assertion that Judge Blanchard declined to dismiss Count V *because of* this ERISA issue, to the extent the Court can discern Judge Blanchard did not reveal *any* findings of law, findings of fact, or factors upon which he relied in making his decision. (See id.) He also did not make any such statements during the hearing. (See Hearing Tr. at 25-26 (requesting that the parties submit "any additional facts, any briefs or any other additional law" and notifying them that "it will probably be four or five weeks before [he] can actually get to this").) Thus, the denial of the motion to dismiss likewise is not probative that "a relevant ERISA plan" exists relevant to Count V such that this Court may exercise jurisdiction on super preemption grounds.

All this is even more perplexing given that Curwen acknowledges "IRAs simply are not the type of accounts that fall under the ERISA legislation." (Def.'s Resp. at 2 (citing In re

11

Laxson, 102 B.R. 85, 89 (Bankr. N.D. Tex. 1989)); Hearing Tr. at 2-3, 8 (noting that ERISA "is a federal law that wouldn't apply to an IRA account that he sets up" because "[h]e was a doctor and he didn't work for an employer" and "the ERISA law is that if doesn't apply to IRA account and it doesn't apply to employer accounts where the employer owns the company"). The Court finds that Curwen has not met her burden of proving that federal question jurisdiction exists and therefore **GRANTS** the Motion to Remand. (Doc. 8.)

The Estate also requests an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]n award of fees under § 1447(c) is left to the district court's discretion." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). The Supreme Court has cautioned, however, that "[a]bsent unusual circumstances, courts may award fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141 (emphasis added). This Court disagrees with Curwen's assessment that, based solely on the remarks of opposing counsel, federal jurisdiction is unambiguous *at this time*, but the Court does not find that she "lacked an objectively reasonable basis" in pursuing removal. Therefore, the Court declines to exercise its discretion to award costs and fees to the Estate.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. (Doc. 8.) The Clerk **SHALL TERMINATE** all other pending motions (docs. 13, 14, & 19) and **REMAND** this case to the Superior Court of Richmond County, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of February, 2015.

                                        _/s/ J. Randal Hall_
                                        HONORABLE J. RANDAL HALL
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA